# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA L. JAROS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-594 |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the court are a Rule 59 motion to correct plain errors,[1] motion for recusal, demand for investigations, request for judicial notice, and motion for sanctions filed by petitioner Joshua Jaros. Dkts. 26, 28. Having considered the motions, response, and applicable law, the court is of the opinion that the motions should be DENIED.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468,

---

[1] Rule 59(e) requires that a motion to alter or amend judgment be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Thus, a timely Rule 59 motion needed to be filed by April 20, 2018. *See* Dkt. 24 (the case was remanded on March 23, 2018); *see also* Fed. R. Civ. P. 6(a)(1) (providing the rules for computing time). Jaros filed the motion on April 23, 2018, so the motion is untimely. Notwithstanding the timeliness issue, the court still denies the motion for the reasons set forth.

473 (5th Cir. 1989). Here, Jaros presents no newly discovered evidence or other reason to justify "an extraordinary remedy that should be used sparingly." *Id.*

Regarding Jaros's request for recusal and demand for investigations, any remedy is moot because the case has been remanded and is no longer before this court. Notwithstanding, recusal and investigations are still not appropriate. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994). Jaros's sole basis for recusal seems to be the court's previous ruling. *See* Dkt. 26. Jaros can point to no facts, other than an adverse ruling, to suggest impartiality or bias in this case.

In his request for judicial notice, Jaros essentially asks the court the court to judicially notice the accuracy of his arguments. Dkt. 28. The court has already considered his arguments and determined that the case should be remanded. Dkt. 24. Further, the court finds no grounds to sanction Scot Graydon. However, the court cautions Jaros that further filings in this remanded case may result in the imposition of sanctions on Jaros.

Accordingly, Jaros's (1) Rule 59 motion to correct plain errors; (2) motion for recusal and demand for investigations; (3) request for judicial notice; and (4) motion for sanctions are DENIED. Because this orders precludes the need for a hearing, Jaros's request for a hearing is also DENIED as moot.

Signed at Houston, Texas on April 30, 2018.

_____
Gray H. Miller
United States District Judge

2